[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, The Demers Home, Inc., appeals a decision of the Commissioner of Health Services revoking and denying renewal of the plaintiff's license to operate a home for the aged under the provisions of General Statutes 19a-490 et seq. The Commissioner acted pursuant to 19a-494(a)(1). The plaintiff's appeal is authorized by 4-183. The court finds the issues in favor of the defendant Commissioner.
Certain preliminary facts are undisputed. The plaintiff operates a home for the aged known as The Demers Home, for not more than eighteen persons, in Somers, under a license issued by the Department of Health Services. The license expired December 31, 1991, but the plaintiff has continued to operate the home, pending resolution of this appeal, pursuant to stays granted by the Commissioner and the court (Klaczak, J.)
At all relevant times, the manager of the home has been Marie-Therese Limpio. Beginning in 1988, the Department has conducted numerous investigations of The Demers Home. October 1991, the Department issued an amended statement of charges against the plaintiff, alleging violations of the statutes and regulations pertaining to the operation of homes for the aged. A hearing was held on these charges over four days in October and November 1991. On June 11, 1992, the hearing officer designated by the Commissioner issued a proposed decision setting forth findings of fact, conclusions CT Page 5065 of law, and the recommendation that the plaintiff's license be revoked. On August 6, 1992, both parties presented oral argument and briefs with respect to the proposed decision. On October 28, 1992, the Commissioner, by her deputy, issued the final decision. In her final decision, Deputy Commissioner Thiesfield concluded that the hearing officer had erroneously exonerated the plaintiff of two of the charges and modified the decision accordingly. Based on the findings and conclusions set forth in the proposed decision, as modified, the final decision adopted the hearing officer's recommendation that the plaintiff's license be revoked. In the final decision, including the modifications noted above, the Deputy Commissioner found that the plaintiff had committed the following violations of the law and regulations:
 1. Violated 19-13-D6(c)(1) and/or (5) of the Regulations of State Agencies (the public health code) in permitting medication to be administered by employees not licensed to do so. Specifically, the manager, Ms. Limpio, was found to have done so.
 2. Violated General Statutes 19a-550 and 551, the "patients' bill of rights" statutes, and the regulations thereunder. Specifically, the manager was found to have verbally abused patients on various occasions and wrongfully disclosed confidential medical and personal information about patients to others. The plaintiff was also found to have violated the applicable statutes and regulations concerning the maintenance of patients' financial accounts. The plaintiff was also found to have violated the patients' rights by unduly restricting their use of their bedrooms during the daytime.
 3. Violated General Statutes 19a-550 and 551 and the regulations thereunder in failing to inform patients of the rules and regulations of the home and of extra services available and the extra charges therefor.
 4. Violated Health Code regulations 19-13-D6(f)(1) in failing to provide adequate equipment and personnel for the storage and preparation of food and for the meeting of patients' special dietary needs.
CT Page 5066
 5. Violated the Fire Safety Code and the Public Health Code in failing to hold required fire drills, failing to properly maintain generators and fire extinguishers, and failing to have a fire emergency plan.
 6. Violated the Fire Safety Code and the Public Health Code with respect to smoking areas and self-closing ashtrays.
 7. Violated Regulations 19-13D6(c)(1) and (5) in failing to provide toilet paper.
 8. Violated General Statutes 19a-550(b)(12) in failing to provide required access to telephones.
 9. Violated the Fire Safety Code in failing to train personnel in an emergency plan, in failing to have the sprinkler system inspected, and in painting over the heat detectors so as to inhibit their proper functioning.
 10. Violated the Fire Safety Code with respect to windows and doors.
In its brief to this court, the plaintiff sets forth essentially three grounds for its appeal: (1) that the standards imposed by the Department and its inspectors are "unrealistic"; (2) that the hearing officer improperly admitted hearsay statements in evidence; and (3) that most of the violations have been corrected and, therefore, license revocation is an unduly severe penalty.
The court has carefully examined the evidence in the record, studied the parties' briefs of law, and considered their oral arguments at the hearing on this appeal.
The plaintiff's first claim is, in essence, that certain standards for the operation of homes for the aged, even though based on duly enacted statutes and regulations should be disregarded because "unrealistic." This argument simply has no basis in the law or common sense and may not be sustained.
The plaintiff's claim concerning hearsay statements is also flawed, though for different reasons. First, hearsay CT Page 5067 statements are not per se inadmissible in administrative appeals. More significantly, although the three statements in question strongly supported the Department's charge that the plaintiff's manager systematically verbally abused patients, they constituted only a small portion of the voluminous and overwhelming evidence of violations by the plaintiff. Indeed, the record contains ample other evidence of the verbal abuse, including even some inculpatory statements by the manager herself. In short, the hearsay statements concerning verbal abuse are mere drops in the bucket of evidence supporting the hearing officer's findings. Their admission in evidence supplemented the Department's case against the plaintiff, but they were not crucial in proving the violations.
The plaintiff's final argument, that the penalty was unduly severe, cannot be sustained. Revocation of the license is within the range of penalties permitted by General Statutes 19a-494. The Commissioner had discretion to select the appropriate penalty; the court cannot alter the exercise of that discretion unless it was abused. Gibson v. Connecticut Medical Examining Board, 141 Conn. 231 (1954). Under the circumstances of this case, including the substantial evidence in the record of numerous violations of the applicable law and regulations, the court cannot conclude that the Commissioner abused her discretion in imposing the penalty that she chose.
For all of the above reasons, the appeal is dismissed.
Maloney, J.